# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carolyn Hubbard

**DEFENDANTS**
Arkee Glover, Jr., Crst Expedited, Inc., Lawrence Marcano, S.F. Deen Trucking, Inc., and Blue Line Global Inc.

**(b)** County of Residence of First Listed Plaintiff **Hunterdon County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **El Paso County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Godshall, Esquire, Ostroff Law 610-279-7000
518 E. Township Ln Rd, Ste 100, Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/02/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE US DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLYN HUBBARD<br>405 Nelson Street<br>Whitehouse Station, NJ 08889,<br>    Plaintiff<br>v.<br><br>ARKEE GLOVER, JR.<br>7401 Phoenix Avenue<br>El Paso, TX 79915<br><br>    and<br><br>CRST EXPEDITED, INC.<br>c/o COGENCY GLOBAL INC.<br>600 N. 2nd Street<br>Harrisburg, PA 17101<br><br>    and<br><br>LAWRENCE MARCANO<br>13217 67th Street N.<br>West Palm Beach, FL 33412<br><br>    and<br><br>S.F. DEEN TRUCKING, INC.<br>114-49 130th Street<br>South Ozone, NY 11420<br><br>    and<br><br>BLUE LINE GLOBAL, INC.<br>114-49 130th Street<br>South Ozone, NY 11420,<br>    Defendants. | CIVIL ACTION – LAW<br>No. |

## **COMPLAINT**

1.      Plaintiff, Carolyn Hubbard (hereinafter, "Plaintiff"), is an adult individual who resides at the above referenced address, in Hunterdon County, New Jersey.

2. Defendant, Arkee Glover, Jr., (hereinafter, "Defendant Glover") is an adult individual who resides at the above referenced address in El Paso County, Texas.

3. Defendant, CRST Expedited, Inc. (hereinafter, "Defendant CRST") is an Iowa corporation with a registered agent located at the above referenced address in Dauphin County, Pennsylvania.

4. Defendant, Lawrence Marcano (hereinafter, "Defendant Marcano") is an adult individual who resides at the above referenced address in Palm Beach County, Florida.

5. Defendant, S.F. Deen Trucking, Inc., (hereinafter, "Defendant S.F. Deen"), is a New York corporation with a registered address at the above referenced address in Queens County, New York.

6. Defendant, Blue Line Global, Inc., (hereinafter, "Defendant Blue Line"), is a New York corporation with a principal place of business located at the above referenced address in Queens County, New York.

7. Plaintiff is not from the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

8. On or about February 13, 2021, at approximately 2:20 a.m., Defendant Glover was the operator of a 2019 tractor trailer (hereinafter, "Defendant CRST's Tanker Truck"), towing a Hyundai tanker trailer, which was at a complete stop on the right shoulder of southbound Interstate Route 81 at mile marker 55.6, in Silver Spring Township, Cumberland County, Pennsylvania.

9. Upon information and belief, at the aforesaid time and location, Defendant Glover had stopped Defendant CRST's Tanker Truck onto the shoulder of the highway so he could use the bathroom.

10. At the aforesaid place and time, Defendant Marcano was operating a 2012 tractor trailer (hereinafter, "Defendant S.F. Deen's Tractor Trailer"), towing a Wabash semi-trailer, southbound on Interstate Route 81, in the right-hand travel lane, approaching mile marker 55.6, in Silver Spring Township, Cumberland County, Pennsylvania.

11. At the aforesaid place and time, as Defendant Marcano began to pass Defendant CRST's Tanker Truck on the shoulder of the highway, he negligently, carelessly, and recklessly continued to operate Defendant S.F. Deen's Tractor Trailer in the right-hand travel lane at approximately 60 m.p.h.

12. At the aforesaid place and time, as Defendant Marcano passed Defendant CRST's Tanker Truck on the shoulder of the highway, Defendant Glover suddenly and without warning, negligently, carelessly, and recklessly pulled Defendant CRST's Tanker Truck off of the shoulder, entered the right-hand travel lane directly into the path of Defendant S.F. Deen's Tractor Trailer, and caused a catastrophic, horrific, fiery crash (hereinafter, the "Crash") between Defendant CRST's Tanker Truck and Defendant S.F. Deen's Tractor Trailer.

13. At all times relevant to this action, Plaintiff was a passenger in Defendant S.F. Deen's Tractor Trailer, traveling in the vehicle with Defendant S.F. Deen's and/or Defendant Blue Line's express or implied knowledge and permission.

14. At all times relevant to this action, Defendant CRST was the registered owner of Defendant CRST's Tanker Truck and the Hyundai tanker trailer, and Defendant Glover was operating said tanker truck with Defendant CRST's express permission.

15. Upon information and belief, at all times relevant to this action, Defendant Glover was acting within the course and scope of his employment, agency, and/or authority as a tanker truck operator for Defendant CRST.

16. Upon information and belief, at the time of the Crash, at the time of the Crash, Defendant CRST's Tanker Truck was filled with a flammable, hazardous material.

17. At all times relevant hereto, Defendant Glover knew or should have known Defendant CRST's Tanker Truck was filled with a flammable, hazard material.

18. At all times relevant hereto, Defendant Glover held a commercial driver's license.

19. At all times relevant to this action, Defendant S.F. Deen was the registered owner of Defendant S.F. Deen's Tractor Trailer and Defendant Marcano was operating said tractor trailer with Defendant S.F. Deen's express or implied permission.

20. At all times relevant to this action, Defendant Marcano was acting within the course and scope of his employment, agency, and/or authority as a tractor trailer operator for Defendant S.F. Deen.

21. At all times relevant to this action, Defendant Blue Line Global was the registered owner of the aforesaid Wabash trailer unit and Defendant Marcano was transporting said trailer unit with Defendant Blue Line's express or implied permission.

22. Upon information and belief, at all times relevant to this action, Defendant Marcano was acting within the course and scope of his employment, agency, and/or authority as a semi-trailer transporter for Defendant Blue Line.

23. At all times relevant to this action, Defendant Blue Line rented, leased, authorized and/or otherwise provided the Wabash semi-trailer to Defendant S.F. Deen and/or Defendant Marcano.

24. At all times relevant to this action, Defendant S.F. Deen rented, leased, authorized and/or otherwise provided the Wabash tractor trailer to Defendant Blue Line and/or Defendant Marcano.

25. Upon information and belief, for a substantial time prior to and up until the time of the time of the Crash, Defendant Marcano operated Defendant S.F. Deen's Tractor Trailer for an excessive period of time, without proper and adequate rest periods, and was falling asleep at the wheel.

26. At all times relevant hereto, Defendant Marcano held a commercial driver's license.

27. The Crash was caused solely, directly, and proximately as a result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, all as set forth more fully herein.

28. As a direct and proximate result of the Crash, both vehicles exploded into flames and were demolished, and Plaintiff was ejected from Defendant S.F. Deen's Tractor Trailer and suffered catastrophic, debilitating, and life-changing personal injuries.

29. Plaintiff in no way or manner distracted from or interfered with Defendant Marcano's operation of Defendant S.F. Deen's Tractor Trailer.

30. Plaintiff in no way or manner caused or contributed to the Crash or her resulting injuries.

31. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, and the resulting Crash, Plaintiff has suffered and will continue to suffer bodily injuries, traumatic brain injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairments of bodily functions.

32. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has undergone and will in the future undergo various reasonable and necessary medical treatments.

33. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or will in the future be required to spend money for medical treatment in an effort to treat and cure herself of the injuries she sustained, to her ongoing detriment and financial loss.

34. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and will in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

35. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and will in the future be required to spend money for household help, to her ongoing detriment and financial loss.

36. As a direct and proximate result of the individual, joint and/or several negligence, carelessness and recklessness of Defendants, the Crash, and Plaintiff's resulting injuries, Plaintiff has been and in the future will be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of her earning capacity, to her ongoing detriment and loss.

### COUNT I
### NEGLIGENCE
### Carolyn Hubbard v. Arkee Glover, Jr.

37. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

38. The individual, joint and/or several negligence, carelessness and recklessness of Defendant Glover included the following:

    a. Operating Defendant CRST's Tanker Truck in such a manner as to cause a crash, specifically, merging onto a highway travel lane was it was unsafe to do so;

    b. Operating Defendant CRST's Tanker Truck in such a manner as to cause a crash, specifically, failing to yield the right of way for vehicles traveling on the through highway as he pulled his vehicle off of the shoulder of the highway;

    c. Operating Defendant CRST's Tanker Truck for an excessive period of time, without proper and adequate rest periods;

    d. Operating Defendant CRST's Tanker Truck while impaired in disregard and indifference to the safety, rights and wellbeing of other motorists on the road;

    e. Operating Defendant CRST's Tanker Truck without due regard for the rights, safety, wellbeing and position of other motorist on the highway, including Plaintiff, under the aforesaid circumstances;

    f. Pulling Defendant CRST's Tanker Truck onto the shoulder of the highway for a non-emergency reason, when other safer options were available;

    g. Failing to properly negotiate turns and curves in the road;

    h. Failing to maintain control of Defendant CRST's Tanker Truck so as to remain on his side of the roadway;

    i. Engaging in another activity which distracted him from the roadway conditions immediately in front of him;

    j. Failing to be alert, aware and attentive to roadway conditions ahead of him;

    k. Failing to take evasive action in order to avoid a crash;

    l. Failing to install and utilize available technology to alert and/or awaken its tractor trailer operators, including Defendant Glover if and when an operator becomes inattentive and/or falls asleep;

    m. Failing to properly maintain Defendant CRST's Tanker Truck in a manner to permit safe operation upon the roadways;

    n.    Failing to use proper and adequate judgment under the aforesaid circumstances;

    o.    Operating Defendant CRST's Tanker Truck while he was unfit, unqualified and too impaired to safely do so;

    p.    Operating Defendant CRST's Tanker Truck in violation of 75 Pa.C.S. §3309, driving on roadways laned for traffic;

    q.    Operating Defendant CRST's Tanker Truck in violation of 75 Pa.C.S. §3714, careless driving;

    r.    Operating Defendant CRST's Tanker Truck in violation of 75 Pa.C.S. §3324, duties of a vehicle entering or crossing roadway; and

    s.    Violating Federal Motor Carrier Safety Administration (FMCSA) regulations, including regulations pertaining to: transport of hazardous materials; transport of flammable materials, the maximum hours of consecutive driving; operating a vehicle with deficient or subpar brakes or braking support mechanisms; operating a vehicle mechanically unfit or unsafe to be operated on an interstate highway; log maintenance and recording.

39.    Defendant Glover's conduct in this matter, to wit, a commercial driver failing to use proper caution and observe applicable motor vehicle codes and regulations, when transporting a tanker truck filled with a flammable hazardous material, was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Glover.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant, Arkee Glover, Jr., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

**COUNT II**
**VICARIOUS LIABILITY**
**Carolyn Hubbard v. CRST Expedited, Inc.**

40. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

41. Upon information and belief, at all times relevant hereto, Defendant CRST, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, contractors, subcontractors, and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, supervised, and/or delegated and assigned operation of its trucking company.

42. At all times relevant hereto, upon information and belief, Defendant Glover was in the course and scope of his employment, agency, and/or authority as a tanker truck operator for Defendant CRST.

43. At no time relevant to this action did Defendant Glover commit, engage and/or partake in a "frolic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of Defendant CRST.

44. For all acts and omissions and violations of state and federal laws for which Defendant Glover, but for his death, would be liable, Defendant CRST is vicariously liable for such acts and omissions as his employer, principal and/or master.

45. Defendant CRST's individual, joint, and/or several conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant CRST.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant, CRST Expedited, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00),

together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

## COUNT III
## NEGLIGENCE
## Carolyn Hubbard v. CRST Expedited, Inc.

46. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

47. The individual, joint and/or several negligence, carelessness and recklessness of Defendant CRST, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

    a.    Failing to properly maintain and inspect its vehicles including its aforesaid tanker truck in a manner to permit safe operation when traveling upon highways and roadways;

    b.    Failing to implement a reasonable schedule, so that its tanker truck operators, including Defendant Glover were not required to drive for excessive periods;

    c.    Failing to install and utilize available technology to alert and/or awaken its tanker truck operators, including Defendant Glover if and when an operator becomes inattentive and/or falls asleep;

    d.    Failing to install and utilize available technology to monitor for and alert its tanker truck operators, including Defendant Glover, when vehicles alongside of its tanker trucks as said trucks changed lanes;

    e.    Creating, promoting and/or fostering a policy and/or custom by which its tanker truck operators, including Defendant Glover, routinely violated state and federal laws enacted for the purpose of ensuring the safe operation of vehicles under the aforesaid circumstances;

    f.    Failing to properly train and/or supervise its tanker truck operators, including Defendant Glover, with respect to the proper and safe operation of such vehicles;

      g.     Hiring, employing or otherwise authorizing operators including Defendant Glover to operate a tanker truck despite such operators' inexperience, inability and incompetence to carefully and safely to do so;

      h.     Entrusting its tanker truck to Defendant Glover's care, custody and operation; and

      i.     Failing to take reasonable precautions to prevent Defendant Glover from driving a tanker truck at a time when Defendant Glover was incapable of operating said tanker truck safely and with due and proper care for other motorists.

48.    Defendant CRST's individual, joint, and/or several conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant CRST

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant, CRST Expedited, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

**COUNT IV**
**NEGLIGENCE**
**Carolyn Hubbard v. Lawrence Marcano**

49.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

50.    The individual, joint and/or several negligence, carelessness and recklessness of Defendant Marcano included the following:

      a.     Operating Defendant S.F. Deen's Tractor Trailer in such a manner as to cause a crash, specifically, following Defendant CRST's Tanker Truck too closely;

b. Operating Defendant S.F. Deen's Tractor Trailer in such a manner as to cause a crash, specifically, failing to move into the left travel lane upon approaching Defendant CRST's Tanker Truck;

c. Operating Defendant S.F. Deen's Tractor Trailer in such a manner as to cause a crash, specifically, failing to reduce his speed upon approaching Defendant CRST's Tanker Truck;

d. Operating Defendant S.F. Deen's Tractor Trailer in such a manner as to cause a crash, specifically failing to take evasive actions to avoid the Crash;

e. Operating Defendant S.F. Deen's Tractor Trailer for an excessive period of time, without proper and adequate rest periods;

f. Operating Defendant S.F. Deen's Tractor Trailer despite experiencing inattentiveness, drowsiness, fatigue, and/or somnolence;

g. Operating Defendant S.F. Deen's Tractor Trailer without due regard for the rights, safety, wellbeing and position of the Plaintiff under the aforesaid circumstances;

h. Operating Defendant S.F. Deen's Tractor Trailer at an excessive rate of speed;

i. Failing to be alert, aware and attentive to roadway conditions ahead of him;

j. Failing to take evasive action in order to avoid a crash;

k. Failing to install and utilize available technology to alert and/or awaken its tractor trailer operators, including Defendant Marcano if and when an operator becomes inattentive and/or falls asleep;

l. Failing to install and utilize available technology in Defendant S.F. Deen's Tractor Trailer, to avoid and prevent front end collisions;

m. Failing to properly maintain Defendant S.F. Deen's Tractor Trailer in a manner to permit safe operation upon the roadways;

n. Failing to use proper and adequate judgment under the aforesaid circumstances;

o. Failing to warn Plaintiff of Defendant Marcano' inattentiveness, drowsiness, fatigue, and/or somnolence;

p. Failing to warn Plaintiff of the impending crash;

    q.    Operating Defendant S.F. Deen's Tractor Trailer while he was unfit, unqualified and too impaired to safely do so;

    r.    Operating Defendant S.F. Deen's Tractor Trailer in violation of 75 Pa.C.S. §3361, driving too fast for conditions;

    s.    Operating Defendant S.F. Deen's Tractor Trailer in violation of 75 Pa.C.S. §3309, driving on roadways laned for traffic;

    t.    Operating Defendant S.F. Deen's Tractor Trailer in violation of 75 Pa.C.S. §3327, duty of driver in relation to disabled vehicles;

    u.    Operating Defendant S.F. Deen's Tractor Trailer in violation of 75 Pa.C.S. §3714, careless driving; and

    v.    Violating Federal Motor Carrier Safety Administration (FMCSA) regulations, including regulations pertaining to: the maximum hours of consecutive driving; exceeding maximum weight carrying regulations, i.e., being "overweight" at the time of the Crash; operating a tractor trailer with deficient or subpar brakes or braking support mechanisms; operating a tractor trailer mechanically unfit or unsafe to be operated on an interstate highway; log maintenance and recording.

51.    Defendant Marcano's conduct in this matter, to wit, a commercial driver failing to observe applicable motor vehicle codes and regulations, and driving without proper and adequate rest periods and despite experiencing drowsiness and somnolence, was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Marcano.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant Marcano, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

**COUNT V**
**VICARIOUS LIABILITY**
**Carolyn Hubbard v. S.F. Deen Trucking, Inc.**

52. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

53. Upon information and belief, at all times relevant hereto, Defendant S.F. Deen, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, contractors, subcontractors, and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, supervised, and/or delegated and assigned operation of its trucking company.

54. At all times relevant hereto, Defendant Marcano was in the course and scope of his employment, agency, and/or authority as a tractor trailer operator for Defendant S.F. Deen.

55. At no time relevant to this action did Defendant Marcano commit, engage and/or partake in a "frolic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of Defendant S.F. Deen.

56. For all acts and omissions and violations of state and federal laws for which Defendant Marcano is liable, Defendant S.F. Deen is vicariously liable for such acts and omissions as his employer, principal and/or master.

57. Defendant S.F. Deen's conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant S.F. Deen.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant S.F. Deen Trucking, Inc. in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

### COUNT VI
### NEGLIGENCE

**Carolyn Hubbard v. S.F. Deen Trucking, Inc.**

58. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

59. The individual, joint and/or several negligence, carelessness and recklessness of Defendant S.F. Deen, directly and/or by and through their duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

   a. Failing to properly maintain and inspect its vehicles including the aforesaid Defendant S.F. Deen's Tractor Trailer in a manner to permit safe operation when traveling upon highways and roadways;

   b. Failing to implement a reasonable schedule, so that its tractor trailer operators, including Defendant Marcano were not required to drive for excessive periods;

   c. Failing to install and utilize available technology to alert and/or awaken its tractor trailer operators, including Defendant Marcano if and when an operator becomes inattentive and/or falls asleep;

   d. Failing to install and utilize available technology in Defendant S.F. Deen's Tractor Trailer, to avoid and prevent front end collisions;

   e. Creating, promoting and/or fostering a policy and/or custom by which its tractor trailer operators, including Defendant Marcano, routinely violated state and federal laws enacted for the purpose of ensuring the safe operation of vehicles under the aforesaid circumstances;

   f. Failing to properly train and/or supervise its tractor trailer operators, including Defendant Marcano, with respect to the proper and safe operation of such vehicles;

   g. Hiring, employing or otherwise authorizing operators including Defendant Marcano to operate a tractor trailer despite such operators' inexperience and incompetence to carefully and safely to do so;

   h. Entrusting its tractor trailer to Defendant Marcano' care, custody and operation; and

        i. Failing to take reasonable precautions to prevent Defendant Marcano from driving a tractor trailer at a time when Defendant Marcano was incapable of operating said tractor trailer safely and with due and proper care for other motorists.

60. Defendant S.F. Deen's conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant S.F. Deen.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant S.F. Deen, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

### COUNT VII
### VICARIOUS LIABILITY
### Carolyn Hubbard v. Blue Line Global, Inc.

61. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

62. Upon information and belief, at all times relevant hereto, Defendant Blue Line, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, contractors, subcontractors, and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, supervised, and/or delegated and assigned operation of its semi-trailer company.

63. At all times relevant hereto, Defendant Marcano was in the course and scope of his employment, agency, and/or authority as a trailer transporter for Defendant Blue Line.

64. At no time relevant to this action did Defendant Marcano commit, engage and/or partake in a "frolic and detour" from his appointed and/or assigned route, destination and/or mission on behalf of Defendant Blue Line.

65. For all acts and omissions and violations of state and federal laws for which Defendant Marcano is liable, Defendant Blue Line is vicariously liable for such acts and omissions as his employer, principal and/or master.

66. Defendant Blue Line's conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Blue Line.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant Blue Line Global, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

### COUNT V
### NEGLIGENCE
### Carolyn Hubbard v. Blue Line Global, Inc.

67. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

68. The individual, joint and/or several negligence, carelessness and recklessness of Defendant Blue Line Global, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship included the following:

> a. Failing to properly maintain and inspect its vehicles including the aforesaid Defendant Blue Line's semi-trailer in a manner to permit safe transport when traveling upon highways and roadways;

b. Failing to implement a reasonable schedule, so that its semi-trailer transporters, including Defendant Marcano were not required to drive for excessive periods;

c. Failing to install and utilize available technology to alert and/or awaken its semi-trailer transporters, including Defendant Marcano if and when an operator becomes inattentive and/or falls asleep;

d. Failing to install and utilize available technology in Defendant S.F. Deen's Tractor Trailer, to avoid and prevent front end collisions;

e. Creating, promoting and/or fostering a policy and/or custom by which its semi-trailer transporters, including Defendant Marcano, routinely violated state and federal laws enacted for the purpose of ensuring the safe transport of vehicles under the aforesaid circumstances;

f. Failing to properly train and/or supervise its semi-trailer transporters, including Defendant Marcano, with respect to the proper and safe transport of such vehicles;

g. Hiring, employing or otherwise authorizing operators including Defendant Marcano to transport a semi-trailer despite such transporters' inexperience and incompetence to carefully and safely to do so;

h. Entrusting its semi-trailer to Defendant Marcano's care, custody and transport; and

i. Failing to take reasonable precautions to prevent Defendant Marcano from transporting a semi-trailer at a time when Defendant Marcano was incapable of transporting said semi-trailer safely and with due and proper care for other motorists.

69. Defendant Blue Line's conduct in this matter was reckless, wanton and outrageous and justifies the imposition of punitive damages against Defendant Blue Line.

**WHEREFORE**, Plaintiff, Carolyn Hubbard, demands judgment in her favor and against Defendants, individually, jointly and severally, and specifically against Defendant Blue Line Global, Inc. in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with punitive damages in a sum to be determined by a jury, and such further relief as this Honorable Court may deem appropriate.

OSTROFF INJURY LAW, PC
Attorneys for Plaintiff

Date: 08/02/21          By:   /s/Richard A. Godshall
                              Richard A. Godshall, Esquire
                              Attorney ID Nos.: 93467
                              518 E. Township Line Road, Suite 100
                              Blue Bell, PA 19422
                              (610) 279-7000